Although I am compelled to agree that plaintiff has produced a scintilla of evidence that defendant intentionally misrepresented that it planned to transfer plaintiff, I believe that the record does not disclose the highly culpable conduct necessary to support the jury's award of punitive damages. I am distressed the majority concluded that "[e]vidence of intent to deceive supplies proof that the fraud was committed grossly," because I do not believe such a rule can be fairly drawn from past cases. The effect of the majority opinion is to eradicate the traditional requirements for imposition of punitive damages in fraud cases, i.e., intentional and gross, malicious, or oppressive conduct, and to substitute the simple requirement that the evidence need only disclose intentional conduct.
I am of the opinion that the test for propriety of punitive damages in fraud cases requires not only intentional (or reckless) wrongdoing, but also exceptional or extraordinary circumstances clearly indicating aggravated, malicious, or spiteful conduct. See 10A Ala.Dig. Fraud, Key 61. I recognize that there is a very difficult and inarticulable distinction between intentional fraud and intentional, aggravated fraud. As was said in Hall Motor Co. v. Furman, 285 Ala. 499,234 So.2d 37 (1970), "If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly." Id. at 504, 234 So.2d at 41.
 From a perusal of all [fraud] cases . . . the conclusion can be drawn that there exists no strict line of demarcation dividing automatically and with absolute certainty the cases involving aggravated fraud from those in which the courts assume the existence of a simple fraud. All that can be said is that, to constitute aggravated fraud, there must be some additional element of asocial behavior which goes beyond the facts necessary to create a case of simple fraud.
Annot. 165 A.L.R. 614, 616 (1946).
The difficulty in application of the rule, however, should not dissuade us from applying it.
Applying the traditional test to the facts, I am unable to find evidence to support the punitive award. If the misrepresentation was intentional, all Winn-Dixie could hope to gain was Henderson's continued employment through the Christmas season. Additionally, Lott may have intentionally misrepresented that he would transfer Henderson when, at that time, he did not intend to do so; nevertheless, there is evidence that he planned to explore the possibility of a later transfer. Finally, only about $1,500 damage to Henderson is properly traceable to the fraud. These facts, along with the record as a whole, do not demonstrate the gross conduct I believe is necessary to support a punitive award.
I would affirm the compensatory award and reverse the award of punitive damages.
 ON REHEARING